**Walter CRONIN**

v.

**Stephen TKACS.**

**No. 95–670–Appeal.**

Supreme Court of Rhode Island.

Feb. 10, 1997.

Arthur Capaldi, Coventry.

Robert H. Friel, Warwick.

**ORDER**

This case came before the court for oral argument January 23, 1997, pursuant to an order that had directed the appellant to appear and show cause why the issues raised by his appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown. Therefore the issues raised in this appeal should be decided at this time.

The defendant, Stephen Tkacs, has appealed from a judgment entered in the Superior Court in favor of the plaintiff, Walter Cronin, in the amount of $6,480 arising out of the sale of approximately 624 videos that had been entrusted to the defendant to be sold in

accordance with plaintiff's instructions. It is undisputed that plaintiff and defendant agreed that any offers for the sale of the merchandise would be discussed with the plaintiff prior to sale. Nevertheless, while the plaintiff was hospitalized following a plane crash, defendant sold the videos for the sum of $5,000 even though he was unable to discuss the offer with the plaintiff. He sold the videos to a person identified only as "John" from Fall River. The defendant attempted to justify this sale on the ground that he had been instructed to make the sale by a person named Barry Yeaw who held a security interest in the inventory of Cronin's video store.

We are of the opinion that the trial justice was correct in holding that the delivery of the videos from plaintiff to defendant constituted a bailment and that defendant had no right to sell the videos without the consent of the plaintiff. The trial justice found as a fact that the defendant had breached his duty to fairly represent the interest of the plaintiff and further found that the price obtained for the videos was insufficient. These findings were supported by ample evidence and credibility determinations and were certainly not clearly wrong.

Consequently, the appeal of the defendant is denied and dismissed. The judgment of the Superior Court is affirmed. The papers in the case may be remanded to the Superior Court.